IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 18-095 |
| SHAWN GILBERT | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

**I.      BACKGROUND**

The defendant, Shawn Gilbert, was charged by indictment with possession with intent to distribute marijuana and Xanax, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(D), (b)(2) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c) (Count Two); and possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1) (Count Three).   On March 18, 2019, Gilbert entered a guilty plea to Counts One and Two of the indictment.   These charges arose out of the defendant's possession of Xanax, Marijuana and a firearm on September 1, 2017.

Gilbert is scheduled to be sentenced on July 23, 2019.   The Probation Office calculated the defendant's total advisory sentencing guideline range to be 262 to 327 months' imprisonment.   The government agrees with this calculation as it is accurate, however, the government and the defendant entered into a guilty plea agreement in this case pursuant to Rule 11(c)(1)(C) wherein we agreed that the appropriate sentence in this case, considering all of the circumstances, is 144 months' imprisonment.   The government requests that the Court accepted the recommended sentence and sentence the defendant accordingly.

## II.	SENTENCING CALCULATION

### A.	Statutory Maximum Sentence

**Count One (possession with intent to distribute marijuana and Xanax)**

Five years' imprisonment, a $250,000 fine, a mandatory minimum of 2 years up to lifetime supervised release, and a $100 special assessment.

**Count Two (possession of a firearm in furtherance of a drug trafficking crime)**

Lifetime imprisonment including a five year consecutive mandatory minimum term of imprisonment, a 5-year period of supervised release), a $250,000 fine, and a $100 special assessment.

**Total Maximum Sentence**:   lifetime imprisonment including a five year consecutive mandatory minimum term of imprisonment, a mandatory minimum 2 years' supervised release up to a lifetime of supervised release, a $500,000 fine, and a $200 special assessment. Forfeiture of the firearm and proceeds of the crimes may also may be ordered.

### B.	Sentencing Guidelines Calculation

Gilbert has a total offense level of 14 and a criminal history category of VI.   This results in a sentencing guidelines range of 37 to 46 months' imprisonment.   In addition, as a result of the conviction on Count Two of the indictment, an additional 60 months' imprisonment must be imposed consecutive to any other sentence, therefore, Gilbert's sentencing guidelines range increases to 97 to106 months' imprisonment.   However, Gilbert is a Career Offender due to his three prior felony drug convictions.   As a Career Offender, Gilbert's sentencing guidelines range increases to 262 to 327 months' imprisonment.   PSR ¶¶ 87-89.

### III.     ANALYSIS.

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that this Court should accept the sentence recommended by the parties, notwithstanding the higher sentencing guidelines range calculated by the Probation Department.

The Supreme Court has declared:   "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007).   Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a).   Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.   18 U.S.C. § 3553(a).[1]

---

[1]   Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."   The Third Circuit has held that "district judges are

**Consideration of the 3553(a) Factors.**

**(1)     The nature and circumstances of the offense and the history and characteristics of the defendant.**

The defendant engaged in serious criminal activity after having accumulated a significant history of criminal convictions. The evidence developed during the surveillance investigation strongly suggests that Gilbert was selling drugs outside of his home. When police officers arrested him the evidence they recovered - Xanax and marijuana - confirmed what they observed. The recovery of the firearm in Gilbert's possession makes it clear that he was willing to do what was necessary to protect his drug supply and the cash proceeds from the sales he was making.

Gilbert is 47 years old and since the age of 18 he has accumulated 11 criminal convictions and nine additional arrests which did not result in convictions. His convictions include retail theft, theft (2), unauthorized use of an automobile, robbery, PWID (4), and possession of a controlled substance (2).

Having engaged in serious offenses and considering his criminal history, there is no question that the significant jail sentence recommended by the parties is warranted in this case.

---

not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'"  United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

**(2)** **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

The offenses charged in the indictment are serious. This Court is well aware of the damage and destruction caused by the sale and use of illegal drugs. Not only do drugs destroy lives and entire communities, but the collateral consequences are wide ranging and include violence that plagues our society, including the very community where Gilbert resides. His actions have no doubt contributed to the pain and heartache suffered by many. It is unlikely Gilbert even considered the consequences of his actions when he chose to sell drugs in his community and carry a firearm on September 1, 2017.

Gilbert has been a repeat offender in the criminal justice system since he was 18 years old. Nearly 30 years after his first conviction, he continues to violate the law by engaging in nearly identical behavior that has caused him to spend significant portions of his adult life in jail. Gilbert is at a point in his life where he must chose rehabilitation over recidivism. The sentence imposed in this case will provide one last opportunity for Gilbert to make the right choice. There simply will not be a next time for him.

**(3)** **The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.**

There is no doubt that the Court's sentence in this case must deter others like Gilbert who would consider engaging in similar serious criminal conduct. Thus the need for general deterrence is great. Also, Gilbert must be deterred from considering engaging in criminal activity in the future. The Court's sentence in this case must serve as a reminder to Gilbert that this is the end of the road for his criminal lifestyle. The sentence should be a clear reminder to Gilbert that it is time to turn his life around and that there is no option other than obeying the

5

laws of our society.

**(4)** **The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

As reported in the PSR, Gilbert does not have a high school diploma and never obtained his GED, although he is currently enrolled in GED classes at the FDC.   Gilbert has very little reported work experience and the probation officer has been unable to verify any of it.   Gilbert also lacks any technical skills which would enable him to become a productive member of society following his release from prison.   Therefore it appears that Gilbert could benefit from vocational training while incarcerated which will enable him to better reintegrate into society upon his eventual release from prison.

There is no question that Gilbert suffers from drug addiction and although he has undergone some treatment it is clear he needs much more.   He reported an extensive years long history polysubstance abuse which includes the abuse of marijuana, cocaine, and codeine cough syrup.   His history of drug abuse is troubling to say the least and is perhaps one root cause of his problems with the criminal justice system.   The government requests that the Court impose conditions that would require Gilbert to undergo substance abuse treatment while incarcerated and continue treatment upon his release from prison.

**(5)** **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

This Court is used to seeing serious offenses committed by defendants with serious criminal histories.   In this regard Gilbert is no different than many others in the federal criminal justice system.   Gilbert's prior criminal history coupled with his current offenses of conviction certainly suggest the need for a significant prison sentence consistent with the applicable

sentencing guidelines range. However, other factors including his history of drug abuse and health problems addressed in PSR ¶¶ 71-78 when considered with the overall sentencing scheme seem to indicate that the acceptance of the recommended sentence will avoid a sentencing disparity among other similarly situated defendants.

## V.   CONCLUSION

Therefore, in sum, all of the appropriate considerations of sentencing favor the acceptance by the Court of the recommended sentence.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


SALVATORE L. ASTOLFI
Assistant United States Attorney
Chief, Violent Crime

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served by the district court clerk's electronic filing system upon:

> Paul Hetznecker, Esquire
> Law Offices of Paul J. Hetznecker
> 1420 Walnut St Suite 911
> Philadelphia PA, 19102

> s/Salvatore L. Astolfi
> SALVATORE L. ASTOLFI
> Assistant United States Attorney
> Chief, Violent Crime

DATED:   July 16, 2019