IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 18-00095 |
| SHAWN GILBERT | |

PAPPERT, J.                                                                                              February 10, 2021

## MEMORANDUM

Shawn Gilbert seeks in two Motions compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies the Motions because the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

On March 18, 2019, Gilbert pleaded guilty to one count of possession with intent to distribute controlled substances and one count of possession of a firearm in furtherance of a drug trafficking crime. (Plea Agreement 1, ECF No. 38); (Minute Entry, ECF No. 36); (Judgment 1, ECF No. 47.) Law enforcement found Xanax, marijuana and a loaded gun on Gilbert after they observed him selling drugs in Philadelphia on September 1, 2017. (Gov't Resp. 2, ECF No. 56); (PSR ¶¶ 12–13.)

Gilbert is a career offender. *See* (Gov't Sentencing Mem. 2, ECF No. 42); (PSR ¶¶ 27, 45); U.S.S.G. § 4B1.1. He committed this offense at age forty-five and is now forty-nine years old. *See* (PSR 3, ¶ 3). Before this offense, Gilbert amassed eleven criminal convictions between ages eighteen and forty, including four convictions for possession with intent to manufacture or deliver a controlled substance, two convictions for possession of a controlled substance, and convictions for thefts, unauthorized use of

1

a motor vehicle and robbery at knifepoint. *See* (*id.* at ¶¶ 32–42). He committed some of those offenses while on probation. *See* (*id.*).

Gilbert pleaded guilty through an agreement with the Government that dropped one charge against him and enabled him to avoid a fifteen year mandatory minimum sentence. (Gov't Resp 2.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Court sentenced him to an agreed upon term of 144 months' imprisonment, well below the 262 to 327 month advisory guideline range. (Judgment 2); (Plea Agreement 3); (Gov't Sentencing Mem. 1.) So far, counting good time credit, he has served approximately fifty-five months of his sentence. (Gov't Resp. 2.) His current anticipated release date is November 23, 2027. (*Id.*)

B

Following the onset of the COVID-19 pandemic, Gilbert, through counsel, asked the warden at FCI Schuylkill for compassionate release based on his heart condition, diabetes, high cholesterol and high blood pressure, conditions for which he currently takes medication. (Suppl. Mot. for Release 35, ECF No. 58.)[1] He suffered three mild heart attacks and had triple bypass surgery prior to his incarceration, and he argued his history of heart trouble and diabetes particularly put him at increased risk of severe illness if he contracted COVID-19. (*Id.*) He stated he had not been seen by medical personnel recently and was unsure of the next time he would have access to them. (*Id.* at 37.) He also mentioned he had been misconduct-free throughout his time in prison and he spent his incarceration participating in a non-residential drug program for sixteen weeks, taking GED classes and working as a unit orderly. (*Id.* at 34, 37–38.)

---

[1] Because the filing contains multiple briefs and exhibits, citations to Gilbert's Supplemental Motion reflect page numbers generated by the Court's electronic case filing system.

The warden denied his request. (*Id.* at 54–55.)

Gilbert now seeks, in a *pro se* Motion and counseled Supplemental Motion, compassionate release under 18 U.S.C. § 3582(c)(1)(A) for the same reasons contained in his prior request to the warden. *See generally* (Mot. for Release, ECF No. 51); (Suppl. Mot. for Release 1–28). He now also claims, albeit very conclusorily, the 18 U.S.C. § 3553(a) sentencing factors support his release because his time served has promoted respect for the law and will deter him from future crimes, he is no longer a threat to the community, the public has been protected from him for over three years and "he is now a different person" who has "participated in every vocational training college course[] and career planning courses offered to him." (Suppl. Mot. for Release 27); *see also* (Mot. for Release 1–2).

The Government reviewed Gilbert's medical records and found that, among other conditions, he suffers from type two diabetes and is obese with a BMI of 43.9. *See* (Gov't Resp. 2–3); *see also* (Gov't Ex. A, ECF No. 59). It acknowledges those conditions are COVID-19 risk factors that "permit [Gilbert's] consideration for compassionate release during the pandemic," but maintains Gilbert should not be released. (Gov't Resp. 12); *see also* Application Note 1(A) to U.S.S.G. § 1B1.13. It argues his conditions are "appropriately managed" in prison. (*Id.* at 13.). Moreover, his release is inappropriate under the 3553(a) sentencing factors. (*Id.*).

## II
### A

A district court may reduce an inmate's sentence as a form of compassionate release only if it finds that (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the sentencing factors set forth in § 3553(a), to the extent they are

3

applicable, warrant a reduction ; and (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include "the history and characteristics of the defendant" and the "need for the sentence imposed—to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further crimes of the defendant." *Id.* at § 3553(a)(1), (2)(A), (C). The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13.

B

Gilbert's health conditions present extraordinary and compelling circumstances that may justify his release. Nonetheless, his release is unwarranted based on the 18 U.S.C. § 3553(a) factors. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release); *United States v. Lugo*, --- F. App'x ----, 2021 WL 81717, at *1 (3d Cir. Jan. 11, 2021) (per curiam) (same). Gilbert has a lengthy criminal history which includes eleven convictions despite prior terms of incarceration. Six of those convictions were for controlled substance offenses, conduct he repeated in this case while armed with a weapon. All of this underscores that he has long held the law in little or no regard. Releasing Gilbert after serving less than half of his sentence would fail to reflect the seriousness of his offense, promote respect for the law or provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). His release would also be

unjustified because despite his claims to the contrary, Gilbert remains a danger to the community. *See id.* at §§ 3142(g), 3553(a)(2)(C). His rehabilitative, educational and employment efforts in prison are commendable, but they do not enable the Court to disregard or minimize his past.

    An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

5